### No. 57
### TRACTION & LIGHT CO. V. WHEATON

Cuyahoga Court of Appeals. No. 4080. Decided Dec. 12, 1922

AUTOMOBILE—(1) Collision with street car—Lack of Caution—Contributory negligence. (2) Unavoidable accident.

SULLIVAN, J.

#### Epitomized Opinion

Error to reverse judgment of Common Pleas Court for $7500 damages.

Where the testimony produced at the trial showed that the plaintiff, Wheaton, was driving a two ton moving van loaded with furniture, towards the crossing a street upon which the traction company had its tracks, and was operating, and that when he approached the vicinity of the street intersection, he brought the van to a dead stop, and had an unobstructed view ahead for a distance of several hundred feet, and seeing no car he proceeded on, and in so doing collided with a two car train of the traction company, traveling without excessive speed, the defendant Wheaton was guilty of contributory negligence.

(2) If Wheaton, on approaching the street car track, put on his brakes while chains were on the rear wheels of the van and as a consequence thereof, on a slippery highway, the van got beyond his control and collided with the car, whose motorman had already used his brake, sounded is whistle and rung his bell, as was testified to by several witnesses, it was probable that the accident was unavoidable, so far as the Traction Co. was concerned, but, notwithstanding this, the accident was attributable to the contributory negligence aforesaid of Wheaton, in not remaining when the car came to a full stop, until the danger had passed by. Judgment reversed.

Attorneys—P. L. A. Leighley, for Traction Co.; Huggett & Hanna for Wheaton.

---

### No. 58
### N. M. GOTTLIEB V. UNION TRUST CO.

Cuyahoga Court of Appeals. No. 4074, Dec. 11, 1922.

BANKS & BANKING—(1) Certification of check Equivalent to Payment—Drawer cannot revoke a certified check.

SULLIVAN, J.

#### Epitomized Opinion

Error to Cleveland Municipal Court

The Trust Co. claimed that Sept. 2, 1920, Gottlieb had an account with its bank ,and that day issued his written check on it for $500.00 and same day the payee presented it to the bank, and had it certified. The Trust Co. then believed there was $500 on deposit in said account, when in fact there was $29.82 only.

On the same day Gottlieb drew from the bank $900, without giving notice to stop payment of the $500 check. The payee of the certified check deposited it endorsed in blank, with another Cleveland bank, which endorsed it to another bank, and it was paid on Sept. 10 through the clearing house.

Gottlieb, as it appears, claims there was fraud upon the part of the payee of the check, of which the Trust Co. was notified and an attempt made by the drawer to have the Trust Co. stop payment, and that the Trust Co. could have stopped it. The Trust Co. claims there was no authority, on the part of the bank, to refuse payment unless the check was returned with no intervening rights of third parties, as appears in this case. The court below gave judgment against Gottlieb for $470.18. The Court of Apeals held:

(1) That the certification of the check was equivalent to delivering $500 in money to the payee· on the check, and a bona fide holder of it could enforce payment not· withstanding the Trust Co. before payment to the depositor, had received notice that the check was fraudulent· ly obtained.

(2) That after a bank had certified a check, the drawer could not revoke. The judgment of the Municipal Court was affirmed.

Attorneys—A. Kollin, for Gottlieb; M. F. McCarthy and Carl S. Bechberger, for Trust Co.

---

### No. 59
### FRANK LEGAN V. AM. AGRL. CHEMICAL CO.

Cuyahoga Court of Appeals. No. 4058, decided Dec. 11, 1922

NEGLIGENCE—Unlighted stairway, injury in falling down.

VICKERY, P. J.

#### Epitomized Opinion

Error to Cuyahoga County Court of Common Pleas

Where a company conducts a boarding house to serve its men while working in their nearby factory, and a boarder was injured by falling down a stairway in the house, a petition charging negligence on part of the company in not having the stairway and hallway lighted, and that this stairway, down which he fell, being so close to the toilet room and no light to guide him in any way being alleged as the proximate cause of the injury, and the petition not showing that the plaintiff was guilty of any negligence himself which contributed to his injury, states· a cause of action, reversing common pleas.

Attorneys—M. W. Dissette and Green & Gallup for Legan; Tolles, Hogsett, Ginn & Morley for the Company.

---

### No. 60
### BEATRICE YARUS V. CLEVELAND RY. CO.

Cuyahoga Court of Appeals, No. 4083, decided Dec. 18, 1922

EVIDENCE—(1) Street railways—Systems of reporting accidents and following up, held competent.

SULLIVAN, P. J.

#### Epitomized Opinion

Action to recover $50,000 claimed for injuries received by negligence of the defendant company.

During the trial it became material as to when the accident occurred, and whether the company, through its agents and servants had knowledge of the same, and bearing upon this issue witnesses were questioned as to the company's method of acquiring immediate knowledge of accidents along its lines, and its system of following up the accidents reported. The answers were given under exceptions, and there was a verdict and judgment for the railway. The Appellate Court held that:

(1) That the evidence was not of a hearsay nature, but tended to bear upon the vital issues of the case, as to whether there was an accident at all.

(2) The court found no prejudicial error in the record, and affirmed the record of the lower court.

Attorneys—Wm. H. Chapman, for Yarus; Squire, Sanders & Dempsey, for the Railway Co.